**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| STEPHEN LECHOT, Individually and on Behalf of Others Similarly Situated, | **Case No: 1:19-cv-2315** |
| v. | Collective Action (29 U.S.C. § 216(B)) |
| POWERSTROKE WELL CONTROL, INC. | Jury Demanded |

**COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Stephen Lechot brings this Fair Labor Standards Act (FLSA) lawsuit against Powerstroke Well Control, Inc. because Powerstroke failed to pay certain workers overtime for hour worked in excess of 40 in a week.

2. Instead of paying these workers overtime, Powerstroke paid these workers a set daily rate for each day worked, regardless of how many hours they worked in a week.

3. This violates the FLSA because employees paid on a day rate basis are still owed an overtime premium for hours worked in excess of 40 in a week. *See, e.g., Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011); *Bracamontes v. Bimbo Bakeries U.S.A. Inc.*, No. 15-CV-02324-RBJ, 2017 WL 3190740, at *7 (D. Colo. July 14, 2017).

4. Therefore, Lechot and the other employees paid according to Powerstroke's day rate pay plan are entitled to recover their unpaid overtime and other damages.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Powerstroke's US Operations are headquartered in this District.

## THE PARTIES

7. Lechot is a long-term employee of Powerstroke. Powerstroke employs Lechot as a Snubbing Supervisor. Throughout his employment, Powerstroke paid Lechot a day rate for each day worked with no overtime compensation. Lechot's consent to be a party plaintiff is attached.

8. Lechot brings this action on behalf of himself and all other Powerstroke employees who were paid according to Powerstroke's day rate plan.

9. Under Powerstroke's day rate plan, workers are paid a flat amount for each day worked and do not receive any overtime for hours worked in excess of 40 in a workweek.

10. The class of similarly situated employees (the "Day Rate Workers") consists of:

**All US employees[1] who Powerstroke paid according to its day rate plan.**

11. Powerstroke is a Colorado corporation doing business throughout the United States. Powerstroke may be served by serving its counsel and registered agent for service of process: Caplan and Earnest LLC, 3107 Iris Avenue, Suite 100, Boulder, CO 80301.

## FLSA COVERAGE

12. For at least the past three years, Powerstroke has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

---

[1] This FLSA collective action is limited to those employees covered by the FLSA. 29 U.S.C. § 213(f).

13. For at least the past three years, Powerstroke has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. For at least the past three years, Powerstroke has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

15. Powerstroke has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including "rigs, snubbing units, nitrogen, and specialized equipment") that have been moved in or produced for commerce.

16. Further, Powerstroke's annual gross volume of sales has exceeded $5,000,000 in each of the past 3 years.

17. For at least the past 3 years, Lechot and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

18. Powerstroke treated Lechot (and indeed all its Day Rate Workers) as employees.

## FACTS

19. Powerstroke is an oilfield services company.[2]

20. Powerstroke bills itself as an "industry-renowned expert in snubbing and underbalanced services."

21. Powerstoke will "deliver specialized snubbing equipment and crews to your site to handle all underbalanced situations."

---

[2] http://www.powerstroke.ca/

22. Lechot and the Day Rate Workers are members of the crews that perform Powerstroke's work.

23. Even if the precise job titles and duties of the Day Rate Workers differ somewhat, Powerstroke subjected all its Day Rate Workers to the same, illegal, day rate plan.

24. For example, Powerstroke paid all its Snubbing Supervisors a flat sum for each day worked, regardless of the number of hours they worked that workweek.

25. Powerstroke did not pay them with overtime pay for hours worked in excess of 40 in a workweek.

26. Lechot has worked for Powerstroke for several years.

27. Starting in early 2018, Lechot started working for Powerstroke in the United States (mostly Colorado).

28. Lechot works primarily on snubbing rigs out in the oilfield.

29. For days in the field, Lechot is paid $600 a day.

30. He typically works at least 12 hours on each "field" days.

31. He also works certain days in Powerstroke's shops.

32. For "shop days," Powerstroke pays Lechot $200 a day.

33. Although he regularly works 60 or more hours a week, Powerstroke never pays Lechot any overtime.

34. In the 2-week period ending June 1, 2019, Lechot worked 10 days (7 in the field, 3 on the shop).

35. Although Lechot worked more than 40 hours in both weeks, Powerstroke did not him any overtime whatsoever.

36. Instead, Powerstroke paid him the applicable day rate times the number of days he worked:

| Position No. | Description | Rate | Hours | Amount |
|---|---|---|---|---|
| 7 | 10-Shop | 200.0000 | 3.00 | 600.00 |
| 7 | 11-Field | 600.0000 | 7.00 | 4,200.00 |
| 7 | 13-Wet Pay | 40.0000 | 3.00 | 120.00 |
| 7 | 20-Truck Allowa | 0.0000 | | 692.31 |

(Current Earnings)

37. Powerstroke paid Lechot additional compensation (such "Wet Pay"), but this compensation simply increases Lechot's regular rate and does not offset the overtime he is owed.

38. The Day Rate Workers worked similar hours and were denied overtime as a result of the same illegal pay practice.

39. The Day Rate Workers all worked in excess of 40 hours each week and were often scheduled for 12+hour shifts for weeks at a time.

40. Instead of paying them overtime, Powerstroke paid the Day Rate Workers a day-rate.

41. Powerstroke failed to pay the Day Rate Workers overtime for hours worked in excess of 40 in a workweek.

**FLSA VIOLATIONS**

42. Powerstroke's day rate plan violates the FLSA because Lechot and the other Day Rate Workers did not receive any pay for hours worked over 40 hours each week.

43. Powerstroke knew, or showed reckless disregard for whether, its illegal day rate plan violated the FLSA.

44. Powerstroke's failure to pay overtime compensation to the Day Rate Workers was not based on any reasonable interpretation of the law.

45. Nor was Powerstroke's decision not to pay overtime made in good faith.

46. Accordingly, Lechot and all those who are similarly situated are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

47. Numerous employees have been denied overtime by Powerstroke's day rate plan.

48. From his observations and experience at Powerstroke, Lechot is aware that the illegal practices or policies of Powerstroke have been imposed on the Day Rate Workers.

49. The Day Rate Workers all received a day rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

50. These employees are similarly situated to Lechot in terms of *relevant* job duties, pay provisions, and employment practices.

51. Powerstroke's failure to pay overtime as required by the FLSA results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of the Day Rate Workers.

52. Thus, Lechot's experiences are typical of the experiences of the Day Rate Workers.

53. The specific job titles or precise job locations of the various Day Rate Workers do not prevent collective treatment.

54. All Day Rate Workers, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

55. Lechot demands a trial by jury.

## RELIEF SOUGHT

56. Wherefore, Lechot prays for:

(a) an order allowing this action to proceed as a collective action and directing notice to the other Day Rate Workers;

(b) judgment finding Powerstroke in violation of the FLSA;

(c) judgment finding Powerstroke liable for to Lechot and the Day Rate Workers for unpaid overtime, and an equal amount of liquidated damages;

(d) judgment awarding Lechot and the Day Rate Workers reasonable attorney's fees and costs of this action;

(e) judgment awarding Lechot and the class members pre- and post-judgment interest at the highest rates allowed by law; and

(f) such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**Rex Burch**
By: _____
   Richard J. (Rex) Burch
   Texas Bar No. 24001807
   Admitted to District of Colorado
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Andrew W. Dunlap
State Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
adunlap@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CONSENT TO JOIN WAGE CLAIM

Print Name: Stephan Lechot

1. I hereby consent to participate in a collective action lawsuit against **Powerstroke Well Control, Inc.** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *[DocuSigned signature]* 209FB04D9824459...